IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


ANTHONY MICHAEL FORD                                                    PLAINTIFF

     v.                            Civil No.  5:16-cv-05348

DEPUTY RODNEY REED, Benton
County Detention Center (BCDC);
JUDGE BRIDGES; and SERGEANT
MIKE LIRA                                                               DEFENDANTS


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case filed pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis.*

The case is before the court for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### Discussion

Plaintiff alleges that Judge Bridges has set the Plaintiff's bond too high.  Plaintiff's claim against Judge Bridges is subject to dismissal because he is immune from suit.  Mireles v. Waco, 502  U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); see also Duty v. City of Springdale, 42  F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability."  Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994).  "A judge will not be deprived of immunity because

-1-

the action he took was in error, was done maliciously, or was in excess of his authority." <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. <u>Mireles</u>, 502 U.S. at 11. It is clear that neither situation applies to Judge Bridges' act of setting the bond in Plaintiff's criminal case.

### Conclusion

I therefore recommend that the claims against Judge Bridges be dismissed as they are asserted against someone immune from suit. 28 U.S.C. § 1915A. The complaint will be served on the remaining Defendants, Deputy Reed and Sergeant Lira.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of February 2017.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-2-